UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JAMES MURPHY,<br><br>　　　　　　　　　　　Defendant. | Case No.: 15cr03163-CAB<br><br>Order Denying Motion To<br>Reduce Sentence Pursuant to<br>18 U.S.C. § 3582(c)(1)(A)<br>[Doc. No. 27] |

Before the Court is defendant James Murphy's motion to reduce his sentence of imprisonment under 18 U.S.C. § 3582(c)(1)(A). [Doc. No. 27.] The government filed an opposition to the motion. [Doc. No. 31.]

I.　Procedural Background

On December 4, 2020, the defendant filed a motion requesting reduction in sentence to time served.  A court may grant a defendant's own motion for a modification of sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

On September 8, 2020, the defendant submitted a request to the warden for compassionate release based on his age and health and the potential for life-threatening complications should he contract the COVID-19 virus a second time while in custody.

[Doc. No. 27, at 7-32.[1]] Defendant represents he had not received a response to this request at the time of filing his motion with the court. [Id., at 5.] The government reports the request was denied on October 5, 2020. [Doc. No. 31, at 8.] Over 30 days have expired since the defendant submitted his request to the warden, therefore Court finds the defendant has exhausted administrative remedies and the Court may consider his motion on the merits. As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Varnado,* 2020 WL 2512204, at *1 (S.D. Cal., May 15, 2020); *United States v. Holden*, 452 F.Supp.3d 964, 969 (D. Or. 2020).

Court finds the motion suitable for determination on the papers. For the reasons set forth below, the motion is DENIED.

II.  Case Background

On January 7, 2016, the defendant entered a guilty plea to one count of use of a child to produce a sexually explicit visual depiction, in violation of 18 U.S.C. §2251(c). [Doc. No. 17.] The defendant admitted he travelled to Mexico to provide assistance at an orphanage. While there, he showed adult pornographic images to a juvenile male approximately 11 years old. He took multiple photos of the juvenile male's genitalia on his cell phone, with the intent to transport those photos back to the United States. He also exposed himself so the child could take a picture of the defendant's genitalia. Mexican authorities turned the defendant over to U.S. Customs and Border Protection, reportedly deporting him for molesting at least one child while in Mexico. [Id., at 4-5.]

On April 8, 2016, the court sentenced the defendant to the 180 months in the custody of the Bureau of Prisons (BOP), followed by a life term of supervised release. [Doc. No. 25.] At this time, he has completed approximately one-third of his term of incarceration.

The defendant has prior convictions involving lewd conduct and sexual contact with minors. He has absconded from custody, failed to register as a sex offender, admitted to

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

molesting numerous young boys while in Mexico, and violated conditions of supervision numerous times. [Doc. No. 21, at 8-13.] The defendant acknowledged regarding his present offense that although he had not engaged in any sexual acts with the juvenile he would have "loved to" and would "always be attracted to teenage boys." [Id., at 5.] Pornographic images of nude males were found on his computer, at least of which was confirmed as child pornography, as well as online searches for juvenile male pornography. Mexican officials reported that the defendant had fondled the genitals of two juvenile males, ages 4 and 9, at the same orphanage where he took the pictures of the 11-year old child. [Id.]

The offense to which the defendant entered his guilty plea was subject to at 15-year mandatory minimum sentence. [Doc. No. 17, at 5.] Uncharged or dismissed conduct would have subjected the defendant a potential enhancement under 18 U.S.C. §2251(e) of a 35-year mandatory minimum sentence or a consecutive sentence of 10 years under 18 U.S.C. §2260A. [Id., at 5, fn. 1; Doc. No. 21, at 24.] The defendant's guideline range was 210 to 262 months, and the government recommended a custodial sentence of 262 months, the high end of the guideline. [Doc. No. 23.] The court sentenced the defendant to the mandatory minimum 180 months of custody, moderately below the low end of the guidelines, finding it an appropriate sentence balancing the defendant's age at the time of sentencing, almost 64 years old, and his chronic health conditions with his lengthy history involving sexual contacts with children. Considering all the §3553(a) factors, the sentence provided adequate punishment, deterrence and protection for the public. [Doc. No. 25.]

III. Compassionate Release Considerations

In general, a federal court cannot modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). However, a court may modify or reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds (1) that "extraordinary and compelling reasons" justify the reduction; (2) the defendant is not a danger to the safety of any other person or the community, as provided

in 18 U.S.C. § 3142(g); and (3) that the reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i).

The defendant's circumstances do not meet the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) as set forth in the policy statement. See USSG §1B1.13. He does not have a terminal illness. *Id.*, cmt. n. 1(A)(i). He is not suffering from (1) a serious physical or medical condition, (2) serious functional or cognitive impairment, or (3) deteriorating physical or mental health because of the aging process, that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover. *Id.* cmt. n.1 (A)(ii). Although the defendant has numerous medical conditions for which he receives treatment, he acknowledged in his motion that he does not require assistance with his self-care. [Doc. No. 27, at 2.]

Medical records submitted by the government reflect that the defendant tested positive for the COVID-19 virus in early June 2020. [Doc. No. 31-1, at 28.] Although the virus is a medical condition with potentially very serious complications, the defendant appears to have recovered without complications. He was reported recovered in July 2020 after testing negative for the virus. [Id., at 26.] His medical records reflect concerns the defendant expressed in late July about memory issues post his COVID diagnosis, and fatigue with shortness of breath reported in early November. [Id., at 21-23, 6-8.] Medical examinations on November 3, 2020, however recorded his pulmonary and cardiovascular status within normal limits and reflect no further complaints of memory issues. [Id., at 6-8.] The defendant's current medical diagnoses do not support a conclusion that he is presently suffering from a medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility from which he is not expected to recover. His subjective concerns about contracting the virus a second time do not meet the requirements of the policy statement.

Finally, the defendant argues that USSG §1B1.13, cmt. n. 1 (D), which provides the court may find an extraordinary and compelling reason to reduce a defendant's sentence

other than those described in subdivisions discussed *supra*, applies in his personal circumstances. At 68 years old and with his health conditions, the defendant contends he is especially vulnerable to serious complications from the virus such that his circumstances are extraordinary and compelling. Although defendant has risk factors identified by the Centers for Disease Control, he has already contracted the virus and recovered without complication. The defendant's circumstances are not extraordinary.

IV. Conclusion

The court finds that the defendant has not established that his circumstances meet the "extraordinary and compelling reasons" consistent with applicable policy statements issued by the Sentencing Commission for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Further, the court finds that the §3553 factors addressed at the time of sentencing remain unchanged and that this defendant poses a danger to the community. The defendant does not qualify for a reduction in his sentence.

Defendant's Motion is **DENIED**.

IT IS SO ORDERED.

Dated:  January 26, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge