UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES MURPHY,<br><br>Defendant. | Case No.:  15cr03163-CAB<br><br>Order Denying Motion To Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 44] |

Before the Court is defendant James Murphy's motion to reduce his sentence of imprisonment under 18 U.S.C. § 3582(c)(1)(A). [Doc. No. 44.]  The government filed an opposition to the motion. [Doc. No. 51.]

**I.  Procedural Background**

On January 13, 2026, the defendant filed a motion, pro se, requesting a 10% reduction in sentence from 180 to 162 months.  [Doc. No. 44, at 1.][1]  A court may grant a defendant's own motion for a modification of sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

On or about November 23, 2025, the defendant submitted a request to BOP staff for a reduction in his sentence pursuant to United States Sentencing Guideline ("USSG") §1B1.13(b)(2), due to his age and health conditions and that he has served at least 10 years of his sentence. [Doc. No. 44, at 3, 24.] Defendant indicates he did not receive a response to this request at the time of filing his motion with the Court on January 13, 2026. [*Id.*, at 3.] Over 30 days had expired from when the defendant submitted his request to his filing date, therefore Court finds the defendant has exhausted administrative remedies and the Court may consider his motion on the merits. As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Varnado,* 2020 WL 2512204, at *1 (S.D. Cal., May 15, 2020); *United States v. Holden*, 452 F.Supp.3d 964, 969 (D. Or. 2020).

Court finds the motion suitable for determination on the papers. For the reasons set forth below, the motion is DENIED.

**II. Case Background**

On January 7, 2016, the defendant entered a guilty plea to one count of use of a child to produce a sexually explicit visual depiction, in violation of 18 U.S.C. §2251(c). [Doc. No. 17.] The defendant admitted he travelled to Mexico to provide assistance at an orphanage. While there, he showed adult pornographic images to a juvenile male approximately 11 years old. He took multiple photos of the juvenile male's genitalia on his cell phone, with the intent to transport those photos back to the United States. He also exposed himself so the child could take a picture of the defendant's genitalia. Mexican authorities turned the defendant over to U.S. Customs and Border Protection, reportedly deporting him for molesting at least one child while in Mexico. [*Id.*, at 4-5.]

On April 8, 2016, the Court sentenced the defendant to 180 months custody, followed by a life term of supervised release. [Doc. No. 25.] Presently, he has served just over 10 years, approximately two-thirds of his term of incarceration. He is scheduled for release on or about July 2, 2028. [Doc. No. 51, at 3.]

The defendant has prior convictions involving lewd conduct and sexual contact with minors. He has absconded from custody, failed to register as a sex offender, admitted to molesting numerous young boys while in Mexico, and violated conditions of supervision numerous times. [Doc. No. 21, at 8-13.] The defendant acknowledged regarding his present offense that although he had not engaged in any sexual acts with the juvenile he would have "loved to" and would "always be attracted to teenage boys." [*Id.*, at 5.] Pornographic images of nude males were found on his computer, including at least one that was confirmed as child pornography, as well as online searches for juvenile male pornography. Mexican officials reported that the defendant had fondled the genitals of two juvenile males, ages 4 and 9, at the same orphanage where he took the pictures of the 11-year old child. [*Id.*]

The offense to which the defendant entered his guilty plea was subject to at 15-year mandatory minimum sentence. [Doc. No. 17, at 5.] Uncharged or dismissed conduct would have subjected the defendant a potential enhancement under 18 U.S.C. §2251(e) of a 35-year mandatory minimum sentence or a consecutive sentence of 10 years under 18 U.S.C. §2260A. [*Id.*, at 5, fn. 1; Doc. No. 21, at 24.] The defendant's guideline range was 210 to 262 months, and the government recommended a custodial sentence of 262 months, the high end of the guideline. [Doc. No. 23.] The Court sentenced the defendant to the mandatory minimum 180 months of custody, below the low end of the guidelines, finding it an appropriate sentence balancing the defendant's age at the time of sentencing, almost 64 years old, and his chronic health conditions with his lengthy history involving sexual contacts with children. Considering all the §3553(a) factors, the sentence provided adequate punishment, deterrence and protection for the public. [Doc. No. 25.]

### III. Compassionate Release Considerations

In general, a federal court cannot modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). However, a court may modify or reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds (1) that "extraordinary and compelling reasons" justify the reduction; (2) the

15cr03163-CAB

defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g); and (3) that the reduction is consistent with applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A)(i).

**A. Defendant does not demonstrate extraordinary and compelling reasons to justify a reduction in his sentence.**

Defendant submitted his request for a reduction in sentence to the BOP based on (1) his age, i.e., he is over 65 years old, (2) the assertion he is experiencing serious deterioration in physical or mental health because of the aging process, and (3) he has served at least ten years of his sentence.  *See* USSG §1B1.13(b)(2); Doc. No. 44 at 24.[2]

The defendant's circumstances do not meet the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) as set forth in policy statement USSG §1B1.13(b)(2).  Although he is over 65 years of age and has served 10 years of his sentence, the evidence does not support a reduction based on his claim he is experiencing a serious deterioration in physical or mental health because of the aging process.

There is no indication that the defendant is experiencing serious deterioration in his mental health.  He acknowledges his cognitive condition is normal. [Doc. No. 44, at 11.] The defendant describes several medical conditions, some from which he has recovered and others for which he acknowledges he is receiving treatment.  [*Id.,* at 10-13.]  He speculates that these conditions put him at risk of serious injuries or medical complications and concludes that his health care needs can no longer be met effectively by the BOP.  [*Id.* at 13.] His voluminous medical records submitted by the government [Doc. No. 51, at 5-204] however show he is receiving regular medical care, he does not require assistance with his self-care, and he is capable of daily exercise, including walking for an hour followed by 40 minutes on an elliptical.  [*Id.*, at 17.]  The defendant's assertion that he can

---

[2] Defendant's motion to the Court introduces a multitude of considerations not presented to the BOP as grounds for a reduction in sentence. His submission to the BOP only presented the conditions set forth in policy statement USSG §1B1.13(b)(2).  Consequently, the Court restricts its evaluation of his eligibility to the circumstances he presented to the BOP.

15cr03163-CAB

receive higher quality medical care in the community does not amount to "an extraordinary and compelling reason" to reduce his sentence.

### B. The §3553(a) factors do not support a sentence reduction.

The defendant's age and health considerations do not support a finding of "extraordinary and compelling reasons" to reduce his sentence. Even if they did, the Court finds that the defendant remains a danger to the community. In his own briefing, the defendant continues to minimize his illegal conduct with underage children and the seriousness of his offenses. [Doc. No. 44, at 14.] His history of repeated violations and his current assertions that his sexual interactions with juveniles are fleeting, non-serious and not traumatic for the children demonstrate a lack of remorse and a strong indication that he remains a threat to the community. The defendant was afforded a below guideline sentence, and any further reduction is unwarranted.

### IV. Conclusion

The court finds that the defendant has not established that his circumstances meet the "extraordinary and compelling reasons" consistent with applicable policy statements issued by the Sentencing Commission for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Further, the court finds that the §3553 factors addressed at the time of sentencing remain unchanged and that this defendant poses a danger to the community. The defendant does not qualify for a reduction in his sentence.

Defendant's Motion is **DENIED**.

IT IS SO ORDERED.

Dated:  February 25, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

15cr03163-CAB